UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SULLIVAN, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Staff Sergeant EDGAR L. OLIVA, JR.
 United States Army, Appellant

 ARMY 20080774

 Headquarters, U.S. Army Basic Combat Training Center of Excellence
 and Fort Jackson
 Tara A. Osborn, Military Judge
 Lieutenant Colonel Christopher B. Valentino, Staff Judge Advocate

For Appellant: Major Grace M. Gallagher, JA; Major Julie Caruso Haines,
JA.

For Appellee: Lieutenant Colonel Francis C. Kiley, JA.

 24 February 2009

 -------------------------------------
 SUMMARY DISPOSITION
 -------------------------------------

Per Curiam:

 This case is before us for review under Article 66, Uniform Code of
Military Justice [hereinafter UCMJ], 10 U.S.C. §866. Although appellant’s
case was submitted to us on the merits, we found error in the findings of
the court-martial as described below.

 Appellant, a drill sergeant, was charged, inter alia, with two
instances of aggravated sexual assault on a soldier-in-training, in
violation of Article 120, UCMJ (Specifications 1 and 2 of Charge II).
Specification 1 of Charge II alleged appellant caused the victim, Private
(PVT) MG, to engage in a sexual act, i.e., penetration of her genital
opening with appellant’s finger, by causing bodily harm in the form of
bruises on her arm. Specification 2 of Charge II alleged appellant engaged
in a sexual act, i.e., penetration of PVT MG’s genital opening with his
finger, by placing her in fear of appellant’s abuse of his military
position to affect negatively her career. Appellant pled not guilty to the
specifications as charged but guilty to the lesser included offenses of
wrongful sexual contact, i.e., placing his fingers in PVT MG’s vagina
without legal justification or authorization and without her consent.
Essentially, appellant pled to the identical criminal conduct and acts for
both specifications of Charge II. The government did not try to prove any
of the additional misconduct charged in those two specifications and the
military judge found appellant guilty as pled. Defense counsel sought no
findings relief but the military judge did grant the motion to find the
specifications multiplicious for sentencing purposes.

 Under these unique circumstances, we find Specifications 1 and 2 of
Charge II multiplicious for findings. See United States v. Paxton, 64 M.J.
484, 490 (C.A.A.F. 2007) (quoting United States v. Teters, 37 M.J. 370, 373
(C.M.A. 1991)) (multiplicity occurs if a court imposes multiple convictions
for the same act or course of conduct); United States v. Quiroz, 55 M.J.
334 (C.A.A.F. 2001).

 Accordingly, we set aside the findings of guilty to and dismiss
Specification 2 of Charge II. We have reviewed appellant’s other
assignments of error, including those personally raised, and find them to
be without merit. Reassessing the sentence of the basis of the error noted
and the entire record, and applying the principles of United States v.
Sales, 22 M.J. 305 (C.M.A. 1986) and United States v. Moffeit, including
Judge Baker’s concurring opinion, 63 M.J. 40, 43 (C.A.A.F. 2006), we hold
the remaining findings of guilty and the sentence as approved by the
convening authority correct in law and fact.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court